UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                    Case Number: 12-16788-7

    JEFFREY SCOTT KEESEE and
    KATHLEEN MARIE KEESEE,

        Debtors.

---

    ESURANCE INSURANCE COMPANY,

        Plaintiff,
                                                          Adversary Number: 13-19
      v.

    JEFFREY SCOTT KEESEE,

        Defendant.

---

## DECISION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

Esurance Insurance Company ("Esurance") filed an adversary proceeding against the Debtor, Jeffrey Scott Keesee, seeking a determination of nondischargeability under 11 U.S.C. § 523(a)(9) of amounts owed to it under a stipulation and order ("Stipulation") and judgment ("Judgment") entered in a civil action in Kenosha County Circuit Court. The Debtor, appearing *pro se,* submitted an answer and Esurance moved for summary judgment. After a review of the record and the arguments, for the reasons stated below Esurance's motion is GRANTED.

## JURISDICTION

The federal district courts have "original and exclusive jurisdiction" over all cases under title 11 ("Bankruptcy Code" or "Code") and "original but not exclusive jurisdiction" over all civil proceedings that arise under the Bankruptcy Code or that arise in or are related to cases under the Code. 28 U.S.C. §§ 1334(a)-(b). The district courts may, however, refer such cases to the bankruptcy judges within their district. In the Western District of Wisconsin, the district court has made such a reference. *See* Western District of Wisconsin Administrative Order 161 (July 12, 1984).

Accordingly, this Court "may hear and determine all cases under title 11 and all core proceedings under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Bankruptcy courts determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). Determination as to the dischargeability of a particular debt is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). As such, this Court has both the jurisdiction and the authority to enter a final judgment in this matter.

## FACTS AND PROCEDURAL HISTORY

Although the record contains few details, it appears that on or about May 10, 2007, the Debtor was involved in a motor vehicle accident in which he was driving while intoxicated. *See* Exhibit 3 to Affidavit in Support of Plaintiff's Motion for Summary Judgment ("Affidavit"); Debtor's Answer at pp. 1-2. On

June 5, 2008, Esurance filed suit against the Debtor in Kenosha County
Circuit Court seeking a money judgment of $100,000 for medical expenses and
personal injury resulting from the accident. *See* Exhibit 3 to Affidavit. These
amounts were evidently paid by Esurance to the victim of the accident, Mr.
Robert Draganski, who held an Esurance insurance policy. *See* Brief in
Support of Plaintiff's Motion for Summary Judgment at p. 1; Exhibit 3 to
Affidavit.

Esurance and the Debtor reached a stipulation to settle the lawsuit on
March 9, 2010. Affidavit at p. 2. The terms of the Stipulation provided that
judgment was to be entered against the Debtor and in favor of Esurance for
$80,000 for the negligent operation of a motor vehicle while under the influence
of intoxicants. Exhibit 2 to Affidavit. Judgment was entered against the Debtor
on March 10, 2010. Both the Stipulation and the Judgment contain identical
language to the effect that the recovery was for "negligent operation of a motor
vehicle while under the influence of intoxicants." *Id.*

There is no evidence from any criminal proceeding, but it appears to the
Court that the Debtor either pleaded guilty to or was convicted of a crime
under Chapter 940 of the Wisconsin Statutes. *See* Debtor's Answer at p. 1.
Since approximately June 2011, he has been incarcerated at the Fox Lake
Correctional Institute in Fox Lake, Wisconsin. *See* Debtor's Statement of
Financial Affairs at question 15.

The Debtor and his wife, Kathleen Keesee, filed a petition as co-debtors under Chapter 7 of the Bankruptcy Code on December 18, 2012. On January 16, 2013, Esurance commenced the present adversary proceeding against the Debtor alone—Mrs. Keesee was not named as a defendant. The adversary complaint seeks a determination that the amounts owed to it pursuant to the Stipulation and Judgment are nondischargeable under 11 U.S.C. § 523(a)(9). Esurance indicates that although the Judgment was for $80,000, with interest[1] the amount of the debt now exceeds $100,000.[2] The Debtor filed a letter *pro se* on February 14, 2013, in answer to the adversary complaint.

Esurance filed a motion for summary judgment on April 2, 2013. Although the Debtor did not submit a separate response or objection to the summary judgment motion, the Court will treat his February 14 letter as a response.

Both the Debtor and Mrs. Keesee received a discharge on May 15, 2013.

### ARGUMENTS

Esurance asserts that the amounts owed to it pursuant to the Stipulation and Judgment are nondischargeable under 11 U.S.C. § 523(a)(9). It also asserts that the interest that has accrued on the Judgment is

---

[1] Section 815.05(8), Wis. Stat., permits in relevant part the accrual of interest on judgments at a rate of 1% plus the prime rate in effect on January 1 of the year in which the judgment is entered.

[2] Esurance indicates that the total amount owed as of March 10, 2013, was $109,099.25. Affidavit at p. 2.

nondischargeable. It argues that summary judgment is appropriate because there is no genuine dispute as to any material fact.

The Debtor does not appear to dispute the facts as alleged by Esurance. In his letter, although he points out that he was not convicted of "intoxicated homicide," he acknowledges that he is guilty of a crime under Chapter 940 of the Wisconsin Statutes. Debtor's Answer at pp. 1, 2. He does assert that neither he "nor the victim were legally driving," but admits that the accident was his fault and that he wants "to do all I can to make amends for what has happened." *Id.* at p. 2. The thrust of his letter is, essentially, frustration that interest continues to accrue on the Judgment while he remains in prison, unable to pay it. He does not deny ultimate responsibility for the debt or the interest; rather, he seeks either a reduction in the interest rate or to stay the accrual of interest until he is released. *Id.* at p. 2.

### STATEMENT OF LAW

Summary Judgment Standard

Federal Rule of Civil Procedure 56 applies in bankruptcy through Bankruptcy Rule 7056. It states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, summary judgment should be granted when all that remains to be decided in a case is an issue of law. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2725 (3d ed. 1998). This is true when

the parties agree on the facts, when the truth is clear, or when the moving

party clearly demonstrates a right to judgment and that the opposing party

cannot possibly prevail. *Id.* This is also true when the dispute only concerns

facts that are not material to the outcome of the suit under governing law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91

L. Ed. 2d 202 (1986); *Donald v. Polk County*, 836 F.2d 376, 379 (7th Cir. 1988);

*Wallace v. Greer*, 821 F.2d 1274, 1276 (7th Cir. 1987). A party opposing a

motion for summary judgment cannot simply rely on statements in the

pleadings or on conclusory allegations in an affidavit—it must present evidence

that a material factual issue exists that must be decided at trial. *See Liberty*

*Lobby, Inc.*, 477 U.S. at 248; *Patrick v. Jasper County*, 901 F.2d 561, 564-66

(7th Cir. 1990).

Nondischargeability Standard

"Generally, a bankruptcy order discharges the debts of an individual

debtor. *See* 11 U.S.C. §§ 727(a), (b). The Bankruptcy Code, however, has

excepted certain types of debts from discharge. *See* 11 U.S.C. § 523. These

exceptions are confined to those plainly expressed in the Code, and are

narrowly construed in favor of the debtor." *DeKalb County Div. of Family &*

*Children Servs. v. Platter (In re Platter)*, 140 F.3d 676, 680 (7th Cir. 1998)

(citations omitted). The standard of proof for nondischargeability actions is a

preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct.

654, 112 L. Ed. 2d 755 (1991).

Among the exceptions to discharge, section 523(a)(9) prohibits the

discharge of any debt "for death or personal injury caused by the debtor's

operation of a motor vehicle, vessel, or aircraft if such operation was unlawful

because the debtor was intoxicated from using alcohol, a drug, or another

substance." A "debt" is a "liability on a claim." 11 U.S.C. § 101(12). A "claim,"

in turn, is broadly defined as a "right to payment, whether or not such right is

reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, undisputed, legal, equitable, secured, or unsecured

. . . ." 11 U.S.C. § 101(5)(A). This broad definition includes interest. *In re*

*Larson*, 862 F.2d 112, 119 (7th Cir. 1988); *Leahey v. United States, IRS (In re*

*Leahey)*, 169 B.R. 96, 98-99 (Bankr. D.N.J. 1994). Courts have found both pre-

petition and post-petition interest nondischargeable under section 523 when

the underlying debt is found to be nondischargeable. *In re Larson*, 862 F.2d at

119; *Pierce v. Pyritz*, 200 B.R. 203, 206 (N.D. Ill. 1996)*; ColeMichael Invs., L.L.C.*

*v. Burke (In re Burke)*, 405 B.R. 626, 652 (Bankr. N.D. Ill. 2009). Moreover, the

Seventh Circuit has held that "[b]ankruptcy law enforces non-bankruptcy

entitlements, unless they are modified according to the Code." *In re A.G. Fin.*

*Serv. Ctr., Inc.*, 395 F.3d 410, 413 (7th Cir. 2005). Accordingly, post-judgment

interest that has accrued both pre-petition and post-petition would be

nondischargeable under section 523(a)(9).

<u>Spouse Liability</u>

Section 766.55(2)(c)(2)(cm), Wis. Stat., states that "[a]n obligation incurred by a spouse during marriage, resulting from a tort committed by the spouse during marriage, may be satisfied from the property of that spouse that is not marital property and from that spouse's interest in marital property." This statute has been interpreted to specifically protect the innocent spouse's property and her share of marital property from liability for the tort of the tortfeasor spouse. *See Bothe v. American Family Ins. Co.,* 159 Wis. 2d 378, 382-83, 464 N.W.2d 109, 110-11 (Wis. App. 1990).

**ANALYSIS**

From the record before the Court, there can be little doubt that summary judgment is appropriate. Indeed, there does not appear to be any genuine dispute as to any facts that would affect a determination on the question of dischargeability. As such, Esurance is entitled to judgment as a matter of law.

The Stipulation and Judgment clearly show that the amounts owed by the Debtor to Esurance stem from personal injuries caused by the Debtor in the course of his intoxicated operation of a motor vehicle. This sort of conduct is precisely what section 523(a)(9) was designed to target. Moreover, the Debtor has not disputed any of the facts underlying Esurance's allegation. Even in the light most favorable to him, the Court cannot help but read his letter to plainly acknowledge his wrongdoing and accept responsibility. His quarrel with Esurance concerns the difficulties he will face upon his release, the challenge

of repaying the debt, and a plea to compromise on the interest accruing on the

Judgment—but not the substance or justice of his criminal conviction or the

Judgment against him.

The one statement in the Debtor's letter that this Court can possibly read

to suggest a dispute of fact concerns whether the Debtor and the victim were

"legally driving" at the time of the accident. In the context of the rest of the

letter, however, this Court cannot interpret this isolated statement to raise a

genuine dispute about whether or not his operation of the motor vehicle was

unlawful due to his intoxication. The preponderance of the evidence suggests to

the contrary: not only was his operation of the motor vehicle unlawful due to

intoxication, but he accepts responsibility for that unlawful conduct.

While the Court is mindful of the limited resources currently available to

the Debtor, and the probable futility of collection of the amounts owed under

the Judgment, those considerations do not create an exception to the

requirements of the Bankruptcy Code and Rules. As such, there is no genuine

issue of material fact on the question of whether the debt owed to Esurance by

virtue of the Judgment is nondischargeable under section 523(a)(9). Summary

judgment on that question is appropriate. The Judgment and all accrued

unpaid interest on the Judgment are nondischargeable.

This decision is limited to the Debtor, however, and does not extend to

Mrs. Keesee for two primary reasons. First, although the Debtor and his wife

filed bankruptcy as co-debtors, the adversary proceeding was commenced

against the Debtor alone. As a result, the determination of nondischargeability

applies only to him. Second, Wisconsin law is clear that an innocent spouse is

protected, along with her property and her interest in marital property, from

liability for her spouse's torts. Bankruptcy law generally respects non-

bankruptcy entitlements, barring Code provisions to the contrary. There being

no Code provision that would justify invading the property of Mrs. Keesee that

is protected by state law, the finding of nondischargeability as to the Debtor

does not apply to Mrs. Keesee or to her interests in property. The discharge she

was granted as a co-debtor is unaffected by this decision.

## CONCLUSION

In light of the foregoing analysis, the Court concludes that there is no

genuine issue of material fact and that Esurance is entitled to judgment as a

matter of law. Accordingly, the amounts owed by the Debtor under the

Judgment and all accrued, unpaid interest are nondischargeable under 11

U.S.C. § 523(a)(9) as to the Debtor. Esurance's motion for summary judgment

is GRANTED.

This decision shall constitute findings of fact and conclusions of law

pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil

Procedure.

A separate order and judgment consistent with this decision will be
entered.

Dated: August 22, 2013

                                        BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge